# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY TAYLOR**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 970 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **MICHAEL J. ASTRUE**, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Shirley Taylor ("Plaintiff") brings this motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant Michael Astrue, the Commissioner of the Social Security Administration ("Commissioner"), opposes the motion. The parties have consented to have this Court conduct any and all proceedings in this case, including entry of final judgment pursuant to 28 U.S.C. § 636(c) and N.D. Ill. R. 73.1(c). For the reasons stated below, the Court grants Plaintiff's motion.

## I. Background

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on September 19, 2000, alleging that she had become disabled as of August 3 of that year. After the Social Security Administration ("SSA") denied her claim, a hearing was held on May 14, 2002, following which an Administrative Law Judge ("ALJ") denied her application for benefits. The Appeals Council vacated the ALJ's decision on February 3, 2005, and the claim was again

rejected by the ALJ on remand. Following a second remand by the Appeals Council, another hearing was held on January 22, 2007, and the claim was again denied. After the Appeals Council denied a request for review, Plaintiff appealed the Commissioner's decision to this Court. On November 17, 2010, the Court reversed the Commissioner's decision in part and remanded for further consideration. *See Taylor v. Astrue*, No. 09 C 970, 2010 WL 4811903 (N.D. Ill. Nov. 17, 2010). Plaintiff now seeks attorney's fees in the amount of $5,203.62 under the EAJA.

## II.     Legal Standard

The EAJA provides that a district court may award "fees and other expenses" where (1) the claimant was a prevailing party, (2) the government's position was not substantially justified, (3) there are no special circumstances that make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The requesting party must show that the fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A position is "substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts alleged and legal theory" propounded. *Stewart*, 561 F.3d at 683 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision, and his litigation position were substantially justified. *Stewart*, 561 F.3d at 683. Proving this requires that the government show "its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection

between the facts alleged and the legal theory propounded.'" *Bricks, Inc. v. U.S. Env't Prot. Agency*, 426 F.3d 918, 922 (7th Cir. 2005) (quoting *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).

Under *Astrue v. Ratliff*, — U.S. — , 130 S.Ct. 2521 (2010), an award under the EAJA belongs to the plaintiff and can be offset to satisfy a pre-existing debt the plaintiff owes the United States ("the Government"). After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties. The award for costs is also payable to plaintiff.

### III. Discussion

The Court remanded the Commissioner's decision on the ground that the ALJ's hypothetical question to the vocational expert ("VE") did not accurately reflect the Plaintiff's age. The ALJ asked the VE to assume a claimant who was forty-nine years old, a premise that led the VE to conclude that a substantial number of jobs existed in the national economy that the Plaintiff could perform. In reality, however, Plaintiff was fifty-six years old. Under the regulations, a person below the age of fifty is considered "younger," while one fifty-five and older is deemed to be a person of "advanced age." 20 C.F.R. § 404.1563.

The Commissioner argues that the ALJ's decision was substantially justified because the ALJ had a rational ground for believing that any error in his decision would be harmless. The Commissioner contends that it is reasonable to believe that the VE was actually considering a person who was fifty-six instead of forty-nine because the Plaintiff testified about her current age

at the hearing.  In support, the Commissioner once again cites *Kittelson v. Astrue*, 362 Fed. Appx. 553 (7th Cir. 2010).  As the Court discussed, however, *Kittelson* does not apply to the facts of this case – an argument that the Commissioner does not dispute in his response to the instant motion.  *Kittelson* addressed a fact scenario in which the ALJ's hypothetical question was incomplete, and the Seventh Circuit held that a VE can *sua sponte* correct such a deficiency by relying on the claimant's testimony at the hearing.  Here, however, the ALJ's hypothetical was overtly inaccurate, not incomplete, and the VE could not correct the hypothetical without altering the substantive terms of the ALJ's question.  The Commissioner has not proferred any case authority allowing a VE to do so.

The Commissioner also repeats his earlier argument that any error created by the ALJ's erroneous hypothetical was harmless.  As before, however, the Commissioner overlooks that SSR 85-15, on which he relies, requires an ALJ to consider whether a claimant can "make a vocational adjustment considering the interaction of his or her remaining occupational base with his or her age, education, and work experience."  SSR 85-15.  As the Court noted, the regulations require consideration of whether advanced age significantly affects a claimant's ability to make such an adjustment, and none was undertaken in this case.  The Commissioner does not address this portion of the Court's opinion in his response, which was central to the remand of this issue to the ALJ.  Accordingly, he has shown no reason why his position on this key point was substantially justified.

## IV. Fee Calculation

Plaintiff has submitted an itemized statement showing that 28.20 hours were spent on this matter, and the Commissioner does not dispute the reasonableness of this claim. For civil actions commenced after March 29, 1996, the EAJA's statutory rate for attorney's fees is $125.00 per hour. 28 U.S.C. § 1412(d)(2)(A). Plaintiff seeks an enhancement of that rate based on governmental CPI numbers in the amount of $168.13 per hour. *See* 28 U.S.C. § 1412(d)(2)(A)(ii). Again, the Commissioner does not oppose these figures or contend that Plaintiff's request for $4,741.27 is unreasonable. In her reply, moreover, Plaintiff seeks an additional $462.36 for 2.75 hours spent in preparing briefs related to her EAJA motion. A plaintiff may recover for time spent in preparing and defending an EAJA petition. *Burks v. Bowen*, 696 F. Supp. 385, 386 (N.D. Ill. 1998). As the Commissioner has not objected to this additional request, the Court finds that Plaintiff's total request for an award of $5,203.62 in attorney's fees is justified.

## V. Conclusion

For the reasons stated above, the Court finds that the Commissioner's position in the underlying litigation was not substantially justified and that the fees requested by Plaintiff are

reasonable. Therefore, the Court grants Plaintiff's request for attorney's fees in the amount of $5,203.62. Such fees are to be paid directly to the Plaintiff for the reasons stated above.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** March 31, 2011.